# Commonwealth *v.* Fox, Appellant.

*Criminal law—Practice, Q. S.—Reference to prisoner not offering himself as witness—Act of May 23, 1887, P. L. 158.*

1. Where in the course of a criminal trial the district attorney announces that the commonwealth rests and the counsel for the prisoner shortly after, not having heard the remark of the district attorney, says to him "go ahead," and the district attorney thinking that they had not heard him says "are you not going to offer a defense?" and his remark was apparently not heard by the jury, the trial judge commits no error in refusing to withdraw a juror and continue the case.

2. Such an incident cannot be construed as a reflection upon the prisoner for not offering himself as a witness, and consequently he cannot claim that there was a violation to his disadvantage of sec. 10 of the Act of May 23, 1887, P. L. 158.

Submitted Dec. 21, 1909. Appeal, No. 247, Oct. T., 1910, by defendant from judgment of Q. S. Phila. Co., Feb. T., 1910, No. 469, on verdict of guilty in case of Commonwealth v. Joseph Fox. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Indictment for assault and battery.
The opinion of the Superior Court states the case.

*Error assigned* was refusal of the trial judge to withdraw a juror and continue the case.

*John H. Fow* for appellant, cited: Com. v. Holtham, 1 Lack. Leg. News, 370; Com. v. Brown, 16 W. N. C. 557.

PER CURIAM, March 3, 1911:
The question involved in this appeal is whether there was such violation of the provision of sec. 10 of the Act of May 23, 1887, P. L. 158, as made it incumbent on the court, upon the defendant's motion, to withdraw a juror and continue the case. The provision is: "nor may the

neglect or refusal of any defendant, actually upon trial in a criminal court, to offer himself as a witness be treated as creating any presumption against him, or be adversely referred to by court or counsel during the trial." This provision is not to be weakened by subtle refinement; but we are all of opinion that this case does not come within it. By the agreement of facts it appears that counsel for the defendant were conferring when the district attorney announced to the court that the commonwealth rested; that at the conclusion of their conference one of the counsel for the defendant turned to the district attorney and said, "Go ahead;" that the district attorney, believing that counsel for the defendant had not heard his statement that the commonwealth rested, because of their being in conference at the time, inquired of counsel for the defendant, "Are you not going to offer a defense?" and that this remark "apparently was not heard by the jury." Even if the jury had heard the remark it would be an entirely unreasonable supposition that they would interpret it as an allusion to the defendant's testifying in his own behalf. But inasmuch as it was not made in such manner as to be heard by the jury it is apparent that no right of the defendant was prejudiced in any way.

The judgment is affirmed.